Filed 12/14/20  P. v. Morales CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D077829 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCD104976) |
| MARK MORALES, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of San Diego County, Michael S. Groch, Judge.  Affirmed.

Mark Morales, in pro. per.; and Christine M. Aros, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

In 1995, a jury convicted Mark Morales of one count of first degree murder and one count of second degree murder (Pen. Code,[1] § 187, subd. (a)).  The jury also found Morales personally used a firearm (§ 12022.5, subd. (a)) and that he committed more than one murder (§ 190.2, subd. (a)(3)).  Morales

---

[1]    All further statutory references are to the Penal Code unless otherwise specified.

was sentenced to a term of life without parole, consecutive to a term of 15 years to life.

In June 2020, Morales filed a petition to recall his sentence in light of section 1170.91,[2] claiming he served in the military and suffered mental impairment as a result.

The trial court denied the petition on two grounds. First, Morales did not attach any proof of military service.[3] Second, the court held that section 1170.91 applied only to persons sentenced to a determinate term under section 1170, subdivision (b). Morales was sentenced to indeterminate terms and not under section 1170, subdivision (b). Accordingly, the court found Morales ineligible for relief under section 1170.91 and denied his petition.

Morales filed a timely notice of appeal.

Appellate counsel has filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) indicating she has not been able to identify any arguable issues for reversal on appeal. Counsel asks the court to review the record for error as mandated by *Wende*. We offered Morales the opportunity

---

[2] Section 1170.91, subdivision (a) provides, "If the court concludes that a defendant convicted of a felony offense is, or was, a member of the United States military who may be suffering from sexual trauma, traumatic brain injury, post-traumatic stress disorder, substance abuse, or mental health problems as a result of his or her military service, the court shall consider the circumstance as a factor in mitigation when imposing a term under subdivision (b) of Section 1170. This consideration does not preclude the court from considering similar trauma, injury, substance abuse, or mental health problems due to other causes, as evidence or factors in mitigation."

[3] Morales later filed a certificate showing he served in the United States Navy from 1992-1994.

2

to file his own brief on appeal. Morales has responded with a supplemental brief, which we will discuss below.

DISCUSSION

As we have noted, appellate counsel has filed a *Wende* brief and asks the court to review the record for error. To assist the court in its review, and in compliance with *Anders v. California* (1967) 386 U.S. 738 (*Anders*), counsel has identified the following possible issues that were considered in evaluating the merits of the appeal:

1. Whether the court erred in denying the petition based on the failure to attach proof of military service; and

2. Whether the court erred in holding section 1170.91 applies only to determinate sentences under section 1170, subdivision (b).

In his supplemental brief, Morales argues the eligibility requirements of subdivision (a) of section 1170.91 limiting the statute's scope to person who received a determinate sentence should be ignored. He argues the statute should be broadly construed to provide relief for military veterans who suffer mental health issues. The remedy in the statute is specifically designed to permit trial courts to mitigate sentences imposed under section 1170, subdivision (b). Indeterminate sentences such as Morales received are not subject to the sentencing process used in determinate sentencing. We do not believe Morales's argument raises a reasonably arguable issue for reversal on appeal.

We reviewed the entire record as required by *Wende* and *Anders*. We have not discovered any arguable issues for reversal on appeal. Competent counsel has represented Morales on appeal.

## DISPOSITION

The order denying Morales's petition under section 1170.91 is affirmed.


                                                          HUFFMAN, J.

WE CONCUR:



McCONNELL, P. J.



DATO, J.